820 A.2d 1234

IN THE MATTER OF THOMAS J. SCHIAVO, AN ATTORNEY
AT LAW (ATTORNEY NO. 015481979).

May 7, 2003.

**O R D E R**

The Disciplinary Review Board having filed with the Court its decision in DRB 02–167, concluding that **THOMAS J. SCHIAVO**

of **LEDGEWOOD**, who was admitted to the bar of this State in 1979, and who has been suspended from the practice of law since October 28, 1999, pursuant to Orders of this Court, should be suspended from the practice of law for a period of three years for violating *RPC* 1.1(a) and (b) (gross neglect and pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate with client), *RPC* 1.15(b) (failure to timely remit trust funds to client or third person), *RPC* 1.16(d) (failure to take steps reasonably practicable to protect the client's interest upon termination of representation), *RPC* 1.15(a) (negligent misappropriation of funds), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), *RPC* 3.4(c) (conduct prejudicial to the administration of justice), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having determined that said three-year term of suspension should commence at the conclusion of the three-month term of suspension ordered by the Court on November 2, 2000;

And the Disciplinary Review Board further having concluded that respondent's reinstatement to practice should be conditioned on his satisfaction of certain requirements and that restrictions should be placed on respondent's practice thereafter;

And good cause appearing;

It is ORDERED that **THOMAS J. SCHIAVO** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective February 2, 2001; and it is further

ORDERED that within forty-five days after the filing date of this Order, respondent shall submit to the Office of Attorney Ethics an accounting of respondent's trust funds and the *Barnes* child support monies; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate his fitness to practice law as attested to by a

mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall participate in Alcoholics Anonymous or a similar program approved by the Office of Attorney Ethics until discharged by that group's counselor and shall submit proof of his participation to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until the further Order of the Court, provided, however, that respondent shall not practice as a sole practitioner and shall not have access to attorney trust accounts, until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.